UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-10156-WGY |
| | ) |
| JOHN CHU and SUNNY BAI | ) |
| | ) |
| Defendants | ) |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and the undersigned Assistant United States Attorney, submits the following proposed jury instructions for consideration by the Court in the trial of the above-captioned case. The government requests leave to supplement, modify, or withdraw these instructions as may become necessary.




Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:  /s/ Gregory Moffatt
GREGORY MOFFATT
Assistant U.S. Attorney

**TABLE OF CONTENTS**

<u>Instruction</u>                                                    <u>Page</u>

1.   DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . 1

2.   COUNT ONE: CONSPIRACY – THE INDICTMENT AND THE STATUTE . . 2

3.   CONSPIRACY – IN GENERAL . . . . . . . . . . . . . . . . 4

4.   EXISTENCE OF THE CONSPIRACY . . . . . . . . . . . . . . 6

5.   CONSIDERATION OF ACTS AND STATEMENTS OF CO-CONSPIRATORS . 8

6    CONSPIRACY – RELATIVE ROLES/IDENTITIES OF CO-CONSPIRATORS
     AND DETAILS OF CONSPIRACY . . . . . . . . . . . . . . . 9

7.   CONSPIRACY – TIME PERIOD . . . . . . . . . . . . . . . . 10

8.   SUBSTANTIVE CRIME – VIOLATION OF THE ARMS EXPORT
     ACT . . . . . . . . . . . . . . . . . . . . . . . . . . 11

9.   THE ARMS EXPORT CONTROL ACT . . . . . . . . . . . . . . 13

10.  FAILURE TO OBTAIN AN EXPORT LICENSE – ELEMENTS . . . . . 14

11.  THE ARMS EXPORT CONTROL ACT – ELEMENT: EXPORT . . . . . 16

12.  THE ARMS EXPORT CONTROL ACT – ELEMENT: DEFENSE ARTICLES 17

13.  THE ARMS EXPORT CONTROL ACT – ELEMENT: LICENSE . . . . . 18

14.  THE ARMS EXPORT CONTROL ACT – ELEMENT: INTENT . . . . . 19

15.  CONSPIRACY: FIRST ELEMENT - AGREEMENT . . . . . . . . . 21

16.  CONSPIRACY: SECOND ELEMENT - WILLFULNESS . . . . . . . . 23

17.  CONSPIRACY: THIRD ELEMENT - OVERT ACT . . . . . . . . . 27

18.  CONSPIRACY: FOURTH ELEMENT - OVERT ACT IN FURTHERANCE OF
     CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . 29

19.  ACTS OF CO-CONSPIRATORS . . . . . . . . . . . . . . . . 30

20.  COUNT TWO:  THE ARMS EXPORT CONTROL ACT . . . . . . . . 32

21.  LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND
     DISJUNCTIVE . . . . . . . . . . . . . . . . . . . . . . 33

22.  ARMS EXPORT CONTROL ACT – SUMMARY  . . . . . . . . . . .  34

23.  AIDING AND ABETTING  . . . . . . . . . . . . . . . . . .  35

24.  CAUTION AS TO COOPERATING WITNESSES  . . . . . . . . . .  38

25.  PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . .  39

<u>**Instruction No. 1**</u>

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[1]

---

[1]<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 3.05 (1998).

## Instruction No. 2

**COUNT ONE: CONSPIRACY - THE INDICTMENT AND THE STATUTE**

Count One of the Superseding Indictment charges the defendant with conspiracy to export defense articles or defense services designated by the President without a license for such export.

Count One reads in relevant part as follows:

From a date unknown to the Grand Jury but not later than March 25, 2004, until May 6, 2004, at Boston, and elsewhere within and outside the District of Massachusetts,

JOHN CHU and SUNNY BAI,

defendants herein, did unlawfully, willfully, and knowingly combine, conspire, confederate and agree with one another and with one or more other persons, known and unknown, to commit offenses against the United States, to wit: to export defense articles or defense services designated by the President under 22 U.S.C. § 2778(a)(1) without a license for such export, in violation of 22 U.S.C. § 2778(b)(2) and (c).

Count One of the Superseding Indictment then alleges that in furtherance of the conspiracy and to effect the objects thereof, one or more of the Defendants and/or their confederates committed a series of overt acts, set forth in Paragraphs one through forty-five of Count One, in the District of Massachusetts, and elsewhere.

2

The federal statute that makes conspiracy a crime is Title 18, United States Code, Section 371, which provides in part as follows:

> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall [be guilty of a crime].

Where the statute says "to commit any offense against the United States," it means to commit a federal crime.[2]

---

[2]18 U.S.C. §371; 22 U.S.C. §2778(b)(2).

**Instruction No. 3**

**CONSPIRACY - IN GENERAL**

A conspiracy is an agreement or combination of two or more persons to violate the law.  It is a kind of partnership in crime in which each member of the conspiracy, just by being a member of the conspiracy, becomes an agent of every other member of the conspiracy.  What this means is that each conspirator not only acts for himself, but also acts for the other conspirators.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve an unlawful purpose.

It is not necessary that the Government prove that the unlawful purpose of the conspiracy actually was achieved in order to prove that the conspiracy existed.  The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act in furtherance of the agreed upon crime.  What the evidence must show, however, is that the members in some way or manner, through some means, came to a mutual understanding to try to accomplish their common unlawful purpose and that they did so knowingly, willfully, and intentionally.

Something is done knowingly and willfully if it is done voluntarily and intentionally, and not because of ignorance, mistake, accident, carelessness, or other innocent reason.  To act willfully also means with the intent that the underlying

4

crime be committed- that is to say, with an unlawful purpose to either disobey or disregard the law.[3]

---

[3] <u>First Circuit Pattern Jury Instructions</u> (Criminal), 4.03 (1998); <u>Pettibone v. United States</u>, 148 U.S. 197, 203  (1893); <u>United States v. Guerro</u>, 693 F.2d 10, 12 (1st Cir. 1982).

## Instruction No. 4

**EXISTENCE OF THE CONSPIRACY**

In your consideration of the conspiracy offense alleged in Count One of the Superseding Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged.

To establish the existence of a conspiracy, the evidence need not show that the conspirators entered into any express or formal agreement, or even that they directly, by spoken or written words, stated between themselves just what their object or purpose was, or the details of the scheme, or the means by which they would succeed. The government need not establish that the co-conspirators knew or agreed upon every detail of the conspiracy. It is sufficient if an agreement is shown by conduct evidencing a silent understanding to share a purpose to violate the law.

Since a conspiracy, by its very nature, is often secret, neither the existence of the common agreement or scheme, nor the fact of any defendant's participation in it need be proved by direct evidence. Both may be inferred from the development of a

6

course of dealings between the defendant and others identified as

being co-conspirators.[4]

---

[4]<u>Fifth Circuit Pattern Jury Instructions</u> (Criminal), 2.20
(2001); <u>United States v. Lopez</u>, 944 F.2d 33, 39 (1st Cir. 1991);
<u>United States v. Guerro</u>, 693 F.2d 10, 12 (1st Cir. 1982); <u>United
States v. Stubbert</u>, 655 F.2d 453, 456 (1st Cir. 1981); <u>United
States v. Thompson</u>, 621 F.2d 1147, 1151 (1st Cir. 1980); <u>United
States v. Hathaway</u>, 534 F.2d 386, 400-401 (1st Cir.), <u>cert</u>.
<u>denied</u>, 429 U.S. 819 (1976); <u>United States v. Addonizio</u>, 451 F.2d
49, 74 (3d Cir. 1971) <u>cert</u>. <u>denied</u>, 405 U.S. 936 (1972).

**<u>Instruction No. 5</u>**

**CONSIDERATION OF ACTS AND STATEMENTS OF CO-CONSPIRATORS**

In deciding whether John Chu was a member of the charged conspiracy, you should first consider the evidence of the defendant's own acts and statements. In addition, however, you should also consider any other evidence in the case as it bears on the issue of the membership of the defendant in the charged conspiracy. Specifically, you may consider the acts and statements of the other alleged co-conspirators. Even if the defendant was not present at the time acts were done or statements were made by an alleged co-conspirator, if you find that such acts or statements were done by a member of the conspiracy during the conspiracy's existence and in furtherance of one of the purposes of the conspiracy, you may consider the statements as evidence of the defendant's membership in the conspiracy.[5]

---

[5] <u>Bourjaily v. United States</u>, 483 U.S. 171 (1987); <u>United States v. Angiulo</u>, 847 F.2d 956, 970-71 (1st Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 928 (1988); <u>United States v. Nickerson</u>, 606 F.2d 156, 157-58 (6th Cir.), <u>cert</u>. <u>denied</u>, 444 U.S. 994 (1979); <u>United States v. Geise</u>, 597 F.2d 1170, 1197 (9th Cir.), <u>cert</u>. <u>denied</u>, 444 U.S. 979 (1979); <u>United States v. Petrozziello</u>, 548 F.2d 20, 22-23 (1st Cir. 1977).

## Instruction No. 6

### CONSPIRACY - RELATIVE ROLES/IDENTITIES OF CO-CONSPIRATORS AND DETAILS OF CONSPIRACY

The extent of the defendant's participation and role in the conspiracy is not determinative of the defendant's guilt or lack of guilt on the charge of conspiracy in Count One of the Superseding Indictment.  Two or more persons may be found to have conspired even though the evidence of, and the scope of, one's role is much greater than the evidence of, and the scope of, the other's role.

However, as to the defendant, John Chu, the government must prove beyond a reasonable doubt that he knowingly became a member of the conspiracy.  This means that in order to meet its burden, the government must show that the defendant agreed to participate, directly or indirectly, in the violation of law.  If the government fails to prove beyond a reasonable doubt that John Chu agreed to participate either directly or indirectly in the violation of the law, then you must acquit the defendant on the conspiracy charged in Count One.[6]

---

[6]United States v. Boylan, 898 F.2d 230, 241-3 (1st Cir. 1990), cert. denied, 111 S. Ct. 139 (1990); United States v. Brant, 364 F.2d 598, 603 (4th Cir. 1966); Hernandez v. United States, 300 F.2d 114, 122 (9th Cir. 1962).

**Instruction No. 7**

**CONSPIRACY - TIME PERIOD**

The Superseding Indictment alleges that the conspiracy charged in Count One existed from on or about at least March 25, 2004 through May 6, 2004.  In determining whether the defendant conspired as charged, it is sufficient that you find that the conspiracy existed for any period of time which included the period alleged in the Superseding Indictment, and that the defendant was a member of the conspiracy on or about those dates.[7]

---

[7]United States v. Hathaway, 534 F.2d 386, 401 n.19 (1st Cir.), cert. denied, 426 U.S. 819 (1976); United States v. Postman, 242 F.2d 488, 496-97 (2d Cir.) (per curiam), cert. denied, 354 U.S. 922 (1957).

10

## Instruction No. 8

**SUBSTANTIVE CRIME - VIOLATION OF THE ARMS EXPORT CONTROL ACT**

Count One of the Superseding Indictment charges John Chu with conspiracy to violate Title 22, section 2778(b) of the United States Code, which makes it illegal to export or attempt to export defense articles listed on the U.S. Munitions List. The relevant part of the statute reads as follows:

> Except as otherwise specifically provided in regulations issued under subsection (a)(1) of this section, no defense articles or defense services designated by the President under subsection (a)(1) of this section may be exported or imported without a license for such export or import...

Subsection (a)(1) reads as follows:

> In furtherance of world peace and the security and foreign policy of the United States, the President is authorized to control the import and the export of defense articles and defense services and to provide foreign policy guidance to persons of the United States involved in the export and import of such articles and services. The President is authorized to designate those items which shall be considered as defense articles and defense services for the purposes of this section and to promulgate regulations for the import and export of such articles and services. The items so designated shall constitute the United States Munitions List.

In order for you to understand the elements of the crime of the conspiracy charged in Count One, it is necessary to start with the elements of the substantive crime of violating the Arms Export Control Act.  By the phrase "elements of the substantive crime" I mean what the government would have to prove if the defendant were charged in Count One not with conspiracy, but with

11

the substantive crime of violating the Arms Export Control Act.
I caution you that these elements are not the elements the
government must prove to establish the crime of conspiracy
contained in Count One of the Superseding Indictment, but you
must understand these elements before I instruct you on the
elements of the crime of conspiracy.  The elements of the crime
of violating the Arms Export Control Act are the following:

   1.    That the defendant exported or attempted to export;

   2.    A defense article or defense service;

   3.    Without a license; and

   4.    did so knowingly and willfully.

   Again, something is done knowingly if it is done voluntarily
and intentionally, and not because of ignorance, mistake,
accident, carelessness, or other innocent reason.  Something is
done willfully with a specific intent to violate the law.[8]

---

[8] First Circuit Pattern Jury Instructions (Criminal), 4.15
(1998); United States v. Murphy, 852 F.2d 1 (1st Cir. 1988),
cert. denied,489 U.S. 1022(1989); United States v. Covarrubias,
94 F.3d 172 (5th Cir. 1996); United States v. Obiechie, 825 F.
Supp. 1335 (N.D. Ill. 1993), rev'd on other grounds, 38 F.3d 309
(7th Cir. 1994).

## Instruction No. 9

**THE ARMS EXPORT CONTROL ACT**

Title 22 of the United States Code, Section 2778, otherwise known as the Arms Export Control Act, makes it illegal to export a defense article or defense services to a foreign country without obtaining an export license from the Department of State.

The Arms Export Control Act was enacted by Congress to further the security and foreign policy of the United States. While recognizing the interest of the United States in promoting the common defense by the sale of arms to allies and other friendly countries, the Act authorizes the President to place controls and restrictions on the export of arms by declaring certain munitions and related technology and assistance intended for miliary use to be defense articles and services.  Items designated by the President or his representatives as defense articles and defense services constitute the United States Munitions List.  These items may not be exported from the United States without permission of the Office of Defense Trade Controls of the Department of State.[9]

---

[9]     28 U.S.C. §§ 2751 and 2778; 22 C.F.R. §§ 120.6, 120.9, 121.1, 123.1, 124.1.

13

<u>**Instruction No. 10**</u>

**FAILURE TO OBTAIN AN EXPORT LICENSE - ELEMENTS**

As I stated above, section 2778(b)(2) of Title 22, United States Code, prohibits the export of defense articles or defense services without first obtaining a license.  Section 2778(c) states:  "Any person who willfully violates any provision of this section . . . , or any rule or regulation issued under this section . . . " shall be guilty of an offense against the United States.

Section 123.1 of Title 22 of the Code of Federal Regulations was issued under Section 2778.  Section 123.1 reads in part:

"Any person who intends to export . . . a defense article must obtain the approval of the Office of Defense Trade Controls prior to the export . . .."

In order to establish a conspiracy to violate 22 U.S.C. § 2778, the government must prove each of the four following elements beyond a reasonable doubt:

First: that between on or about March 25, 2004, and before on or about May 6, 2004, John Chu and at least one other person conspired to export a defense article, in Count One, the CPI traveling wave tube.

Second: that the article at issue was a "defense article" contained on the Munitions List.

14

Third: that the conspirators knew that the law required an export license or approval from the Office of Defense Trade Controls, Department of State, prior to export of the article.

Fourth: that the conspirators knowingly and willfully failed to obtain the required approval from the Office of Defense Trade Controls, Department of State.[10]

---

[10]22 U.S.C. § 2778(b)(2) and (c); 22 C.F.R. § 123.1.

**Instruction No. 11**

**THE ARMS EXPORT CONTROL ACT**
**ELEMENT: EXPORT**

The term "export" as used in the Act means:

(1)     Sending or taking out of the United States in any manner a defense article on the United States Munitions List;

(2)     The performance of a defense service on behalf of or for the benefit of a foreign person whether in the United States or abroad.[11]

---

[11]     22 C.F.R. §120.17

16

**Instruction No. 12**

**THE ARMS EXPORT CONTROL ACT**
**ELEMENT: DEFENSE ARTICLES**

A defense article is any one of twenty-one categories of items which is listed on the United States Munitions List. It includes the item itself, as well as technical data stored in any physical form, models, mock-ups or other items that reveal technical data directly relating to items on the Munitions List. In Count One, the government alleges that the so-called traveling wave tube, or TWT, is a defense article on the Munitions List.

Any person who intends to export a defense article or related technical data must obtain approval, that is, a license, from the Office of Defense Trade Controls prior to the export.[12]

---

[12]22 U.S.C. § 2778; 22 C.F.R. §§ 120.6, 121.1.

17

**<u>Instruction No. 13</u>**

**THE ARMS EXPORT CONTROL ACT**
**ELEMENT: LICENSE**

The term "license", as it is used in the Act and regulations means a document signed by the Secretary of State or her authorized representative which permits the export of a specific item on the United States Munitions List.[13]

---

[13]22 U.S.C. §§ 2751 and 2778; 22 C.F.R. §§ 120.6, 120.9, 121.1, 123.1, 124.1.

18

## Instruction No. 14

### THE ARMS EXPORT CONTROL ACT – ELEMENT: INTENT

The government is required to demonstrate that the failure to obtain an export license was done knowingly and willfully, with a specific intent to violate the law.

Said differently, an act is done willfully if it is committed with the knowledge that it was prohibited by law and with the purpose of disobeying or disregarding the law.

An act is done knowingly if it is done voluntarily and intentionally and not because of mistake or accident or other innocent reason.

Thus while the government must show that the defendant knew that the exportation of the defense article and services was illegal, it is not necessary for the government to show that the defendant was aware of, or had consulted, the United States Munitions List, or the licensing or approval provisions of the Arms Control Export Act.  Ignorance of the law, in this respect in this case, is not an excuse.

Intent in this case may be proved in three ways, either by admission of the defendant that he was aware of the illegality of his conduct, or by direct testimony of a witness who informed the defendant of the necessity to obtain an export license or by

19

evidence of resort to clandestine methods and subterfuge from which such knowledge may be inferred.[14]

---

[14]<u>United States v. Murphy</u>, 852 F.2d 1, 7 (1st Cir. 1988), <u>cert. denied</u>, 498 U.S. 102 (1989); <u>United States v. Golitschek</u>, 808 F.2d 195, 202-203 (2nd Cir. 1986); <u>United States v. Beck</u>, 615 F.2d 441, 449-450 (7th Cir. 1980); <u>United States v. Lizarraga-Lizarraga</u>, 541 F.2d 826, 828-829 (9th Cir. 1976)).

<u>**Instruction No. 15**</u>

**CONSPIRACY: FIRST ELEMENT - AGREEMENT**

Now that I have explained the elements of a violation of the Arms Export Control Act, I am going to explain to you the elements of a conspiracy, that is, the crime charged in Count One.

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the agreement that is charged in the Superseding Indictment to defraud the United States by concealing munitions purchases without a license for such export.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to engage in unlawful exportation of defense articles. The government must show that the exportation was an object or purpose of this understanding, and not merely a foreseeable effect. But you need not find that the exportation

21

was the sole purpose, or even the primary purpose, of the understanding.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.[15]

_____

[15]1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 19.02, Instruction No. 19-4 (2004); United States v. Goldberg, 105 F.3d 770, 774 (1st Cir. 1997); see also United States v. Hurley, 957 F.2d 1, 5-6 (1st Cir. 1992); United States v. Cambara, 902 F.2d 144, 147 (1st Cir. 1990) (overturned on other grounds); United States v. Tarvers, 833 F.2d 1068, 1075 (1st Cir. 1987).

## Instruction No. 16

### CONSPIRACY: SECOND ELEMENT - WILLFULNESS

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the Superseding Indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether that defendant knowingly and willfully joined the conspiracy. Did the defendant participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that a defendant had such an interest, that is a factor which you may properly consider in determining whether or not that defendant was a member of the conspiracy charged in the Superseding Indictment.

23

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must first find that the defendant knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether that defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that a defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

A defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member.  Nor need that defendant have been appraised of all of their activities. Moreover, that defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, that defendant need not have sought to achieve the objective of the conspiracy himself.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and

24

may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence during the commission of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that each defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

25

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  That defendant thereby becomes a knowing and willing participant in the unlawful agreement--that is to say, a conspirator.[16]

---

[16]1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 19.02, Instruction No. 19-6 (2004); <u>See</u> <u>United States v. Piper</u>, 35 F.3d 611, 614-615 (1st Cir. 1994), relying on <u>United States v. United States Gypsum Co.</u>,438 U.S. 422, 444 n. 20 (1978).

## Instruction No. 17

### CONSPIRACY: THIRD ELEMENT - OVERT ACT

The third element which the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in Count One of the Superseding Indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

In the Superseding Indictment, the government charges that numerous overt acts were committed in the District of Massachusetts.  In order for the government to satisfy this third element, you need not find that the defendant committed the overt acts himself. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy. Nor is it required that all of the overt acts alleged in the Superseding Indictment be proven.   However, you must all agree on which of the overt acts alleged in the Superseding Indictment, if any, the government has proven beyond a reasonable doubt.

You are further instructed that the overt act or acts need not have been committed at precisely the time alleged in the Superseding Indictment. It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

27

Finally, you must find that either the agreement was formed or that an overt act was committed in the District of Massachusetts.[17]

_____

[17] 1 L. Sand, et al, <u>Modern Federal Jury Instructions:</u> <u>Criminal</u>, ¶ 19.02, Instruction No. 19-7 (2004).

<u>**Instruction No. 18**</u>

**CONSPIRACY: FOURTH ELEMENT - OVERT ACT IN FURTHERANCE OF CONSPIRACY**

The fourth, and final, element which the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the Superseding Indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which, in and of itself is criminal or constitutes an objective of the conspiracy.[18]

---

[18] 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 19.02, Instruction No. 19-8 (2004).

29

## Instruction No. 19

### ACTS OF CO-CONSPIRATORS

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the Superseding Indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be

30

considered against that defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.[19]

---

[19]1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 19.02, Instruction No. 19-8 (2004).

## Instruction No. 20

### COUNT TWO – THE ARMS EXPORT CONTROL ACT

Count Two of the Superseding Indictment in this case charges the defendant with a substantive violation of the Arms Export Control Act, 22 U.S.C. §2778, by illegally attempting to export a defense article while failing to obtain an export license.  In Count Two, the government alleges that the article at issue, the Vicor DC/DC power converters, are defense articles on the Munitions List.

In instructing you with respect to the conspiracy charged in Count One, I went into a good deal of detail about the elements the government must prove in order to establish a violation of the Arms Export Control Act.  I don't think you need to hear all that detail a second time.  So, I will summarize what the government is required to prove, beyond a reasonable doubt, before John Chu can be convicted of a substantive violation of the Arms Export Control Act as charged in Count Two.

## <u>Instruction No. 21</u>

**LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE**

Although the Superseding Indictment charges in the conjunctive "and," that is it says that the defendant did "aid, abet, counsel, command, induce and procure the exportation and attempted exportation," the government only needs to prove in the disjunctive "or."  In plain English, it is sufficient for the government to prove that the defendant exported or attempted to export the regulated items.   It is sufficient for the government to prove either that the defendant exported the regulated items or that he attempted to export the regulated items.   The government need not prove all of these alternatives.[20]

---

[20]<u>United States v. McCann</u>, 465 F.2d 147, 162 (5th Cir. 1972); <u>Fields v. United States</u>, 408 F.2d 885, 887 (5th Cir. 1969). <u>United States v. McCann</u>, 465 F.2d 147, 162 (5th Cir. 1972); <u>Fields v. United States</u>, 408 F.2d 885, 887 (5th Cir. 1969); <u>United States v. Marcovic</u>, 911 F.2d 613 (11th Cir. 1990); <u>United States v. Ortiz-Loya</u>, 777 F.2d 973, 980 (5th Cir. 1985).

**Instruction No. 22**

**ARMS EXPORT CONTROL ACT - SUMMARY**

In order to sustain a conviction of John Chu on Count Two, the government must establish each of the following elements beyond a reasonable doubt:

First: that from on or about March 25, 2004 to on or about May 6, 2004, John Chu and/or his confederates intended to export the Vicor DC/DC power converters;

Second: that the goods were defense articles categorized on the Munitions List;

Third: that Chu and/or his confederates knew that the law required an export license or approval from the Office of Defense Trade Controls, Department of State, prior to exporting the articles; and

Fourth: that Chu and/or his confederates knowingly and willfully failed to obtain the required approval from the Office of Defense Trade Controls, Department of State.

34

## Instruction No. 23

### AIDING AND ABETTING

Although the language of Count Two of the Indictment charges John Chu with a violation of the Arms Control Enforcement Act, as a matter of law, it charges the defendant with aiding and abetting another in committing that offense.  Under the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty.

That is, the government is not alleging that John Chu himself executed such an exportation or attempted exportation.  The government is alleging that the defendant aided and abetted Sunny Bai and Zhu Zhaoxin in the commission of that crime.  If you find beyond a reasonable doubt that to be the case, you may find the defendant guilty, even if you find that John Chu himself did not commit each essential element of that crime.

Title 18, United States Code, Section 2, which is the aiding and abetting statute, provides in part:

> Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or
>
> procures its commission, is punishable as a principal.

This means that the guilt of an accused defendant in a criminal case may be established without proof that the particular defendant personally did every act constituting the offense

35

alleged.  The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person in a joint effort or enterprise.

So, if the defendant aided and abetted Sunny Bai and Zhu Zhaoxin and any other person or persons, by knowingly and intentionally joining together with such person or persons in their activities, then the law holds the defendant responsible for the acts and conduct of such other person or persons just as though he, the defendant, had committed the acts or engaged in such conduct himself.

Notice, however, that before the defendant may be held criminally responsible for the acts of another, the defendant must willfully and knowingly associate himself in some way with the criminal venture, and intentionally participate in it as he would in something he wishes to bring about; that is to say, that he willfully seek by some act or omission of his to make the criminal venture succeed.  Again, something is done "willfully" when it is done voluntarily and intentionally, with the intent that something that the law forbids be done.  That is to say, with the purpose to disobey or disregard the law.

Participation in every stage of the unlawful venture is not required, only participation at some stage of it accompanied by knowledge of the result and intent to bring about that result.

You may look at all of the evidence as a whole and then draw such inferences as you find are reasonable.

Of course, mere presence at or near the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the defendant aided and abetted the crime unless you find beyond a reasonable doubt that the defendant participated in the crime in some way at the time the crime was committed or at some earlier time, and was not merely a knowing spectator.

In other words, you may not find John Chu guilty unless you find beyond a reasonable doubt that every element of the offense of a violation of the Arms Control Export Act, as I have elsewhere defined those elements, was committed by Sunny Bai and Zhu Zhaoxin and any other person or persons, and that John Chu willfully aided and abetted that crime by participating in it as something that he wished to bring about.[21]

---

[21]First Circuit Pattern Jury Instructions (Criminal), 4.02 (1998); Fifth Circuit Pattern Jury Instructions (Criminal), 2.06 (2000); United States v. Kegler, 724 F.2d 190, 200-201 (D.C. Cir. 1984); United States v. Martin, 815 F.2d 818, 825 (1st Cir. 1987); United States v. Sanborn, 563 F.2d 488, 491 (1st Cir. 1977).

## Instruction No. 24

### CAUTION AS TO COOPERATING WITNESSES
### (TO BE READ ONLY IF ZHU ZHAOXIN HAS TESTIFIED)

You have heard the testimony of a witness who

**(1)** provided evidence under an agreement with the government;

and

**(2)** participated in the conspiracy to defraud the United States that is charged against John Chu.

Some people in this position are entirely truthful when testifying.  Still, you should consider the testimony of that individual with particular caution.  He may have had reason to make up stories or exaggerate what others did because he wanted to help himself.

You may consider the guilty plea of a witness in assessing his credibility, but you are not to consider his guilty plea as evidence against Defendant Chu in any way.[22]

---

[22]<u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 2.07 (1998).

## Instruction No. 25

### PUNISHMENT

The punishment provided by law for the offenses charged in the Superseding Indictment is a matter exclusively within the province of the Court, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the defendant.[23]

---

[23] Adapted from 1 L. Sand, et. al, Modern Federal Jury Instructions, ¶ 9.01, Inst. 9-1 (1997).