UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA          )
                                  )
                                  )
          v.                      )  CRIMINAL NO. 04-10156-WGY
                                  )
JOHN CHU and SUNNY BAI            )
                                  )
          Defendants              )


**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
ANY REFERENCE TO VICOR CORPORATION'S REQUEST
TO REMOVE CERTAIN POWER CONVERTERS FROM THE MUNITIONS LIST**

The United States, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and the undersigned Assistant United States Attorney, hereby moves this Court to Order that there should be no mention by Defendant's counsel, in any Opening Statement, in the examination of witnesses, or in Closing Argument, of a past request by Vicor Corporation to have certain military grade DC/DC power converters removed from the United States Munitions List.  The military grade DC/DC power converters are the focus of the violation of 22 U.S.C. § 2778(b)(2) and (c) charged in Count II of the Superseding Indictment.  As grounds for its Motion, the government states that information regaring Vicor Corporation's request is not relevant to the charges at issue in this case, and is therefore inadmissible pursuant to Fed. R. Evid. 402; and further, that admitting this evidence will serve only to confuse the jury, an

-1-

impermissible purpose under Fed. R. Evid. 403.

## Facts

Throughout the history of the investigation leading to this prosecution, and through to the present, certain military grade DC/DC power converters manufactured by Vicor Corporation ("Vicor") of Andover, Massachusetts, have been listed on the United States Munitions List, and are therefore subject to Department of State export licensing requirements because they are component parts for military electronics.  22 C.F.R. §121.1(Category XI(c)).  The government will put on a witness from the State Department to attest to those facts.

The government will also establish that in the negotiations among the co-conspirators and the undercover government agent, the undercover agent repeatedly made reference to the fact that the military grade DC/DC power converters were on the Munitions List, required an export license to be shipped out of the United States, and that no export license would be granted if the end user were in the People's Republic of China.

In the process of providing discovery, the government advised Defendant's counsel that at some point prior to the time the original Indictment was returned, Vicor had petitioned the Department of State to remove certain DC/DC power converters from the Munitions List.  The State Department denied that request.

Defendant's counsel has informed the undersigned that he intends to call a witness from Vicor to testify regarding that petition.  Defendant's counsel may also seek to elicit similar testimony from law enforcement agents or from the State Department representative.

## Argument

The government submits that whether or not Vicor wished to have the military grade DC/DC power converters at issue in this case removed from the United States Munitions List is not relevant to the case on trial.  The fact is, the relevant military grade DC/DC power converters were on the Munitions List, and they continue to be.  There is no hint of evidence that any of the charged conspirators was aware of Vicor's request, and even if they were so aware, that would not excuse the failure to obtain an export license to ship the military grade DC/DC power converters out of the United States.  Any reference to Vicor's attempt to have the military grade DC/DC power converters de-listed should be excluded as irrelevant under Fed. R. Evid. 402.

Even if the evidence had some marginal probative value, the likely result of the introduction of this evidence would be jury confusion by elevating an issue that, if not completely irrelevant, is at most a collateral issue, and could lead the jurors to conclude that there might have been some legal

justification in not obtaining an export license.  This would simply distract the jury from the true matter before them.  Any such evidence should therefore be excluded as unduly prejudicial under Fed. R. Evid. 403.  <u>See</u> <u>United States v. Flemmi</u>, 402 F.3d 79, 85 (1st Cir. 2005); <u>United States v. Norton</u>, 26 F.3d 240, 244 and nn. 2,3 (1st Cir. 1994).

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:  <u> /s/ Gregory Moffatt</u>
GREGORY MOFFATT
Assistant U.S. Attorney

DATE:    September 2, 2005