```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
v.                             )
                               )    Crim. No. 04-10156-WGY
JOHN CHU and                   )
SUNNY BAI,                     )
         Defendants.           )
```

**GOVERNMENT'S MEMORANDUM REGARDING ADMISSIBILITY OF DEPARTMENT OF STATE'S MUNITIONS LIST CERTIFICATION**

On the first day of trial, after jeopardy had attached, Defendant John Chu's counsel objected to introduction of Government's pre-marked Exhibit C for Identification, which exhibit is the Department of State's Certification that eleven specified articles are defense articles on the United States Munitions List (hereinafter the "Munitions List").  The Court sustained the objection, but ruled that it would reconsider the issue if, for instance, a technical expert who determined that the specific items should be included on the Munitions List testified.

The issue of whether or not an article is a "defense article" placed on the Munitions List is not testimonial hearsay subject to be confronted; rather, it is a verbal act admissible under Fed. R. Evid. 803(8)(A).  Further, by statute and relevant case law, the Department of State's determination that an item is a defense article appropriate for inclusion on the Munitions List is a political question not subject to judicial review.

Accordingly, the government should be permitted to introduce the State Department's certification that the defense articles at issue in this case are on the Munitions List.

## LEGAL FRAMEWORK

The President, in the exercise of his constitutional foreign policy making powers, is authorized to control the export and import of defense articles and defense services.  22 U.S.C. § 2778(a)(1).  Pursuant to Executive Order 11958 (Jan. 18, 1977), as amended, the President's authority to promulgate regulations with respect to exports of defense articles and defense services was delegated to the Secretary of State.  By virtue of delegations of authority by the Secretary of State, those regulations are primarily administered by the Deputy Assistant Secretary for Defense Trade Controls and Managing Director of Defense Trade Controls, Bureau of Political-Military Affairs.  22 C.F.R. §120.1(a).

The certification marked Government's Exhibit C for identification is made in the name of the Secretary of State and Michael T. Dixon, Acting Managing Director, Directorate of Defense Trade Controls, Bureau of Political-Military Affairs, Department of State.  Pursuant ot the regulatory scheme, Mr. Dixon is the duly delegated official for the administration of the Munitions List.  The government submits that the State Department's determination that the articles covered by its

certification which is Government's Exhibit C for Identification is not testimonial hearsay; rather, it is a verbal act and admissible pursuant to Fed. R. Evid. 803(8)(A). The government further submits that the question of what process was employed by the Directorate of Defense Trade Controls in determining that a specific article should be considered a "defense article" on the Munitions List is a political question not subject to judicial review. It follows that there is no right to confront the decision maker on how that determination was made.

## ARGUMENT

### A. The State Department's Certification Is A Verbal Act; Not Testimonial Hearsay.

Defendant's asserts in objection to the introduction of Government's Exhibit C for Identification that he has a right, under Crawford v. Washington, 541 U.S. 36, 53 (2004), to confront the expert or experts who determined that the items identified in Government's Exhibit C for Identification are in fact "defense articles" which should have been placed on the Munitions List. In Crawford, the Supreme Court held that out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless witnesses are unavailable and defendants had prior opportunity to cross-examine the witnesses, regardless of whether such statements are deemed reliable by court. Id. (abrogating Ohio v. Roberts, 448 U.S. 56 (1980)).

The Court recognized, however, that "[m]ost of the hearsay exceptions cover[] statements that by their nature were not testimonial--for example, business records or statements in furtherance of a conspiracy..." Crawford, 541 U.S. at 56. That is the case here.

The certification at issue is not testimonial hearsay; it is a verbal act, and it is admissible under Federal Rule of Evidence 803(8)(A), which includes:

> Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency.

First Circuit case law squarely supports the admissibility of the certification. United States v. Guerrero, 114 F.3d 332, 340 (1st Cir.)(rejecting argument that U.S. Department of State's certification as to what constituted an ocean vessel subject to U.S. jurisdiction was inadmissible hearsay), cert. denied, 522 U.S. 870 (1997). The First Circuit observed:

> We have previously found the hearsay argument unavailing both because [46 App. U.S.C.] § 1903's language reveals Congress' explicit contemplation of the use of "what might normally be considered 'hearsay' " to prove jurisdiction, United States v. Romero, 32 F.3d 641, 649 (1st Cir. 1994)[holding that State Department's certification that vessel is stateless, without more, is sufficient to establish U.S. jurisdiction over vessel], and because "[t]he State Department Certification falls squarely within Fed. R. Evid. 803(8)(A)," id. at 650. See Fed. R. Evid. 803(8)(A) (excepting from the hearsay rule public agency statements "in any form" setting forth "the activities of the office or agency"); see also United States v. Mena, 863 F.2d 1522, 1531 (11th Cir. 1989) (explaining that foreign government's expression of

>    consent "is not hearsay at all but rather a verbal act,
>    similar to the utterances involved in making a
>    contract, to which the law attaches independent
>    significance").  We see no reason to alter Romero's
>    reasoning in this respect.

114 F.3d at 340; see also Florence Nightingale Nursing Services, Inc. v. Paul Revere Life Ins. Co., 60 F.3d 809, 1995 WL 422863, *4 (1st Cir. 1995)(The Federal Rules of Evidence explicitly "exclude from hearsay the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct )affecting their rights." quoting Fed. R. Evid. 801(c) advisory committee's note (1972)).

Here, inclusion of defense articles on the Munitions List is a regular activity of the Directorate of Defense Trade Controls; the State Department's certification thus constitutes admissible hearsay.  Fed. R. Evid. 803(8)(A); U.S. v. Mena, 863 F.2d at 1531 ("Registration of Honduran vessels is a regular activity of the Honduran government; that portion of the [State Department's certification] thus constituted admissible hearsay.")(citing United States v. Stone, 604 F.2d 922, 925 (5th Cir. 1979); United States v. Newman, 468 F.2d 791, 795- 96 (5th Cir. 1972), cert. denied, 411 U.S. 905 (1973)).

>    B.    **The State Department's Determination That An Article Falls within The Munitions List Is A Non-Justiciable Political Question.**

22 U.S.C. § 2778(h) provides:

-5-

> The designation by the President (or by an official to whom the President's functions under subsection (a)[1] of this section have been duly delegated), in regulations issued under this section, of items as defense articles or defense services for purposes of this section shall not be subject to judicial review.

Here, as suggested both in Defendant's Opening Statement and in his objection to the admission of Government's Exhibit C for Identification, Defendant challenges the Directorate for Defense Trade Controls' rationale for placing at least the Vicor DC-DC power converters on the Munitions List.  Both § 2778(h) and relevant case law indicate that that determination is a political question not subject to judicial review.

The issue of whether a particular item should have been placed on the Munitions List possesses nearly every trait that the Supreme Court has enumerated [that] traditionally renders a question `political.'" United States v. Martinez, 904 F.2d 601, 602 (11th Cir. 1990)(citing Baker v. Carr, 369 U.S. 186, 217

---

[1]   22 U.S.C. § 2778(a)(1) reads:

In furtherance of world peace and the security and foreign policy of the United States, the President is authorized to control the import and the export of defense articles and defense services and to provide foreign policy guidance to persons of the United States involved in the export and import of such articles and services. The President is authorized to designate those items which shall be considered as defense articles and defense services for the purposes of this section and to promulgate regulations for the import and export of such articles and services. The items so designated shall constitute the United States Munitions List.

(1962)(political question doctrine is designed, among other things, to avoid "the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government")); accord United States v. Helmy, 712 F. Supp. 1423, 1428-30 (E.D. Cal. 1989).  In Martinez, defendants contended that an article called a Videocipher II, a video signal descrambler, was not properly denominated a defense article because it purportedly lacked any characteristic which was inherently or predominantly military.  904 F.2d 601.

As the Eleventh Circuit recognized in Martinez: "No satisfactory or manageable standards exist for judicial determination of the issue [of whether an article should, or should not, be on the Munitions List]."  904 F.2d at 602 (citing Coleman v. Miller, 307 U.S. 433, 454-55 (1939)).  The court continued:

> Neither the courts nor the parties are privy
> to reports of the intelligence services on
> which this decision, or decisions like it,
> may have been based. . . . Questions
> concerning what perils our nation might face
> at some future time and how best to guard
> against those perils "are delicate, complex,
> and involve large elements of prophecy.  They
> are and should be undertaken only by those
> directly responsible to the people whose
> welfare they advance or imperil.  They are
> decisions of a kind for which the Judiciary
> has neither aptitude, facilities nor
> responsibility and which has long been held
> to belong in the domain of political power
> not subject to judicial intrusion or
> inquiry."

Id. (quoting Chicago & Southern Air Lines v. Waterman SS. Corp., 333 U.S. 103, 111 (1948)).  See also Karn v. U.S. Dept. of State, 925 F.Supp. 1, 11 (D.D.C. 1996)(decision to control source code is a foreign policy judgment not subject to judicial scrutiny, which is expressly barred pursuant to 22 U.S.C. §2778(h)), remanded, 107 F.3d 923 (D.C. Cir. 1997).

The Court of Appeals for the Ninth Circuit has also recognized the broad deference due on export policy matters.  In United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1473 (9th Cir. 1988), cert. denied, 493 U.S. 809 (1989), the court held the policy basis for the Secretary of Commerce, acting pursuant to the Export Administration Act ("EAA") (50 U.S.C. App. §2401 *et seq.*), in designating a commodity as subject to export controls was "beyond dispute" and not a triable issue of fact, since "the export of certain commodities may have a significant impact on United States' foreign policy and national security." The court held that where Secretary of Commerce has determined that challenged item could not be exported without an export license, "[r]ight or wrong, the trial court must accept th[e Secretary's] determination as a matter of law.".  Id.  Similarly, in United States v. Mandel, 914 F.2d 1215 (9th Cir. 1990), the court held that whether export controls must be placed on a particular commodity "are quintessentially matters of policy entrusted by the Constitution to the Congress and the President,

for which there are no meaningful standards of judicial review." Id. at 1223 (citations omitted). Indeed, the court barred discovery into the basis for controlling a commodity, because "whether the export of a given commodity would make a significant contribution to the military potential of other countries" is a "matter[] of policy entrusted by the Constitution to the Congress and the President . . . ." Id. Accord United States v. Moller-Butcher, 560 F. Supp. 550, 553-54 (D. Mass. 1983)(Zobel, D.J.)("[t]he power to classify goods on the Commodities Control List -- and to restrict them for export on national security grounds -- can (and should) be turned over to the executive branch, as it has the dominant role in conducting foreign policy").

## CONCLUSION

Because the Department of State's Certification proffered as Government's Exhibit C for Identification is not testimonial hearsay, but admissible pursuant to Fed. R. Evid. 803(8)(A); and because the Secretary is State's rationale for placing the denominated items therein as defense articles is a political question not subject to judicial review, the government moves that Exhibit C for Identification be admitted in evidence.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By: /s/ Gregory Moffatt

```
                                        GREGORY MOFFATT
September 7, 2005                       Assistant U.S. Attorney
```