UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10156-WGY |
| | ) | |
| JOHN CHU | ) | |
| | ) | |

### MOTION TO DISMISS COUNT TWO

Under Fed. R. Crim. P. 12(b)(3)(B), "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." Count 2 of the Superseding Indictment omits the essential mens rea element that the offense was "wilful" and thus fails to charge a criminal offense. When an indictment fails to include an essential element of the offense charged, it thereby fails to charge a federal offense. An objection is timely if filed at any time prior to verdict. United States v. Pupo, 841 F.2d 1235, 1239 (4th Cir. 1988) (indictment ruled defective for failure to allege scienter).

Moreover, count 2 alleges an attempt to export in violation of the Arms Export Control Act, conduct which does not constitute a criminal offense. A federal court lacks jurisdiction to enter a judgment of conviction when a count charges no offense under federal law.

I. Count 2 Fails to Allege that the Conduct was Wilful

Under Federal Rule of Criminal Procedure 12, "an objection that an indictment fails to state an essential element of an offense 'shall be noticed by the court at any time during the pendency of the proceedings.'" United States v. Forbes, 16 F.3d 1294, 1297 (1st Cir. 1994). Count 2 of the Superseding Indictment alleges:

> From a date unknown to the Grand Jury but not later than April 20, 2004, until May 6, 2004, at Boston, and elsewhere within and outside the District of Massachusetts, John

> Chu, defendant herein, did aid, abet, counsel, command, induce and procure the exportation and attempted exportation, of defense articles or defense services designated by the President under 22 U.S.C. § 2778(a)(1) without a license for such export, to wit: 570 military grade dc/dc power converters, more or less, all in violation of 22 U.S.C. § 2778(b)(2) and (c), 22 C.F.R. § 127.1(a); and 18 U.S.C. § 2(a).

Nowhere is there an allegation of specific intent. It is undisputed, as is apparent from the Government's Request for Jury Instructions at 12, that a criminal violation of the Arms Export Control Act requires proof of an elevated level of scienter, namely wilfulness. See 22 U.S.C. § 2778(c) ("Any person who wilfully violates any provision of this section... or any rule or regulation issued under this section... shall upon conviction.....")

To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense. This requirement stems from one of the central purposes of an indictment: to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense as required by the Fifth Amendment, in addition to its other purposes, double jeopardy protection and notice of the crime charged. See Russell v. United States, 369 U.S. 749, 763-64 (1962) (noting that one criterion by which the sufficiency of an indictment is judged is "whether the indictment contains the elements of the offense intended to be charged") (quotation omitted) (citing cases).

In United States v. Pupo, 841 F.2d 1235, 1239 (4th Cir. 1988), the court held that "an indictment is defective if it fails to allege elements of scienter that are expressly contained in the statute that describes the offense." Id. See also United States v. Cabrera-Teran, 168 F.3d 141 (5th Cir. 1999) (indictment defective which failed to allege arrest in illegal reentry charge); United States v. Opsta, 659 F.2d 848, 850 (8th Cir. 1981) (indictment defective which did not contain intent element required by caselaw).

Count 2 is not saved by any allegations in count 1, since "[e]ach count in an indictment is

regarded as if it was a separate indictment.'" United States v. Winter, 663 F.2d 1120, 1138 (1st Cir. 1981) (quoting Dunn v. United States, 284 U.S. 390, 393 (1932)). Nor is count 2 saved by any of its statutory references. See United States v. Forbes, 16 F.3d 1294, 1297 (1st Cir. 1994) (stating that "[a] statutory citation, standing alone, cannot substitute for setting forth the elements of a crime"); United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988) ("If an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute."); United States v. Pupo, 841 F.2d 1235, 1239 (4th Cir. 1988) ("An indictment that must rely on a statutory citation does not 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. Furthermore, a statutory citation does not ensure that the grand jury has considered and found all essential elements of the offense charged.") (internal quotation marks omitted).

For these reasons, count 2 must be dismissed for failure to state a crime.

II. An Attempt to Export is Not A Crime

The Arms Export Control Act creates both civil and criminal penalties for violations of the Act. Only certain wilful violations are criminal; the balance are penalized civilly.

As relevant here, the Act creates registration and licensing requirements for exporters of defense articles ("...no defense articles ... may be exported or imported without a license for such export or import .... 22 U.S.C. § 2778(b)(2)). The Act criminalizes "wilful" violations of the Act and of its regulations ("Any person who wilfully violates any provision of this section... or any rule or regulation issued under this section...."). Importantly, the Act does not itself criminalize

the conduct alleged here, namely an attempt to export.[1] One must dig into the regulations to find any prohibition of an attempt to export defense articles. This appears in a section entitled "Violations," 22 C.F.R. § 127.1(a), which states:

> It is unlawful: (1) To export or attempt to export from the United States any defense article ... without first obtaining the required license ....

But this section does not specify whether the "violation" of "attempt[ing to] to export" is criminal or civil. One must turn to section 127.3, which provides criminal penalties for certain violations, which states:

> Any person who wilfully:
>
> (a) Violates any provision of Section 38 or Section 39 of the Arms Export Control Act (22 U.S.C. 2778 and 2779), or any undertaking specifically required by part 124 of this subchapter; or
>
> (b) In a registration, license application or report required by section 38 or 39 of the Arms Export Control Act (22 U.S.C. 2778 and 2779) or by any rule or regulation issued under either section, makes any untrue statement of a material fact or omits a material fact required to be stated therein or necessary to make the statements therein not misleading, shall, upon conviction, be subject to a fine or imprisonment, or both, as prescribed by 22 U.S.C. 2778(c).

22 C.F.R. § 127.3. Parsing this regulation, subpart (a) does not apply as 22 U.S.C. 2278 does not criminalize attempts, and none of the "undertakings specifically required by part 124" (regarding manufacturing licensing agreements and off-shore procurement) is relevant here. Subpart (b) does not apply as there was no false statement. Neither provision refers to 22 C.F.R. § 127.1(a) so as to criminalize attempts. Thus, an attempt to export is, at most, a civil violation, implicating "civil penalties" under 22 C.F.R. § 127.10 or other sanctions elsewhere in the Act (e.g., 22 C.F.R. §§ 127.6, 127.7, and 127.8).

---

[1] "There is no general federal statute which proscribes the attempt to commit a criminal offense." Unites States v. Rivera-Sola, 713 F.2d 866, 869 (1st Cir. 1983).

A federal court lacks jurisdiction when a count of an indictment charges no criminal offense. United States v. Rosa-Ortiz, 348 F.3d 33(1st Cir. 2003).

For these reasons, defendant moves to dismiss count 2.

JOHN CHU
By his attorney,

/s/ Charles P. McGinty
Charles P. McGinty
B.B.O. #333480
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Charles P. McGinty, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Gregory Moffatt by delivery on September 6, 2005.

Charles P. McGinty