UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10156 WGY |
| | ) | |
| JOHN CHU | ) | |
| | ) | |

DEFENDANT'S MOTION TO STRIKE
EVIDENCE AND FOR A LIMITING INSTRUCTION

During trial, the government offered evidence in support of count 2 of the Superseding Indictment, which alleged that defendant John Chu aided and abetted the attempted export of Vicor power converters. Included in this evidence were tapes, documents, and testimony relating to the sale of the power converters and whether the possible export of the converters was in violation of the laws of the United States. In view of the dismissal of the count, defendant submits that the following curative measures are necessary and appropriate:

First, the Court should strike the following exhibits in view of the dismissal: 3, **4**, 5, **6**, **7**, 8, **9**, **10**, 11, **12, 13, 14**, 16, 17, 18, and 19. The exhibits in bold, namely 4, 6, 7, 9, 10, 12, 13, and 14, indicate exhibits which the government agrees should not be sent to the jury. But the government and defense counsel disagree on the nature of the remedy and the curative instruction to the jury. Defendant contends that the exhibits should be stricken from the case, and that the jury should be told that the exhibits have been stricken from the case and that they should not consider these exhibits in any way in their resolution of the case. The government takes a different view, which defendant faithfully reports as follows:

> The government proposes that the Court's instruction to the
> jury regarding those exhibits relate to its instruction

>     regarding the dismissal of Count II.  The government
>     suggests language along the following lines:
>
>     I have told you that Count Two has dropped out of the case.
>     Certain of the exhibits that were introduced in evidence
>     related only to that Count.  Because you will not need to
>     consider evidence regarding Count Two, I have taken
>     exhibits out of the case if they relate only to Count Two.
>     The remaining exhibits will go to the jury room with you.

In opposition, defendant submits that, in view of the breadth of evidence offered by the government on count 2 and the repeated assertions by the undercover agent that transactions involving export of power converters violated United States law, it is entirely insufficient to state that count 2 has merely "dropped out" of the case; the impact of the government's proof of that count must be blunted by an instruction more firm and more direct: the evidence offered on count 2 has been stricken and cannot be considered in any way in the jury's deliberations on count 1.

      Second, the Court indicated it would permit evidence on Count 2, including the above exhibits, to go to the jury room for the reason that the evidence showed the relationship between the parties.  To eliminate that concern, defendant is prepared to stipulate that John Chu worked for Zhu Zhaoxin and Sonny Bai in connection with Zhu Zhaoxin's business, Hong Kong New Crystal International, during the period charged in count 1 of the indictment.  In view of the stipulation, defendant submits that all of the above mentioned exhibits, and the testimony described below, should be stricken.

Third, defendant asks the Court to strike the testimony of Nancy Meyers relating to the Vicor power converter, and to tell the jury that the testimony has been stricken from the case and that it would be improper to use it in their deliberations.

Fourth, defendant asks the Court to strike so much of the testimony of Stephen Du, the undercover agent, as relates to a possible or completed transaction involving the Vicor power converters, and to tell the jury that the testimony related to such transactions, including his repeated statements that exports of such items was restricted or unlawful, should be disregarded and cannot be used in any way or referred to in their deliberations.

Finally, defendant submits that the following curative instruction should be given:

You are not to consider any of the government's evidence regarding the Vicor Corporation's power converters. This includes testimony, documents and tape recordings which referred to proposed or completed transactions with the power converters. I instruct you as well that you are not to consider any statements of the undercover agent to the effect that the power converters were on the Munitions List, or required a license to export, or were in any way subject to export restrictions under United States law. That evidence is stricken from the case and you are not to consider it in any way.

JOHN CHU
By his attorney,

_____
Charles P. McGinty
  B.B.O. #333480
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061